# LUXTON *v.* NORTH RIVER BRIDGE COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEW JERSEY.

No. 1106. Submitted December 22, 1892. — Decided January 16, 1893.

An order of the Circuit Court of the United States, appointing commissioners to assess damages for land in New Jersey taken by the North River Bridge Company for the approaches to a bridge across the North or Hudson River between New York and New Jersey, under the act of July 11, 1890, c. 669, § 4, is not a final judgment, upon which a writ of error will lie.

THE case is stated in the opinion.

*Mr. Gilbert Collins* for plaintiff in error.

*Mr. Joseph D. Bedle* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This is a writ of error to reverse an order made by the Circuit Court of the United States for the District of New Jersey, on the petition of the North River Bridge Company, appointing commissioners to assess damages for the appropriation and condemnation of land of the plaintiff in error in the city of Hoboken, county of Hudson and State of New Jersey, for the approaches to a bridge across the North or Hudson River between the States of New York and New Jersey, under the act of Congress of July 11, 1890, c. 669, (26 Stat. 268,) entitled "An act to incorporate the North River Bridge Company, and to authorize the construction of a bridge and approaches at New York City, across the Hudson River, to regulate commerce in and over such bridge between the States of New York and New Jersey, and to establish such bridge a military and post road," the constitutionality of which, as authorizing such appropriation and condemnation, is denied by the plaintiff in error.

VOL. CXLVII—22

At the threshold of the case lies the inquiry whether the order of the Circuit Court, appointing commissioners to assess damages for the taking by the petitioner of the respondent's land, is a final judgment upon which a writ of error will lie. This depends upon the terms and effect of the act of incorporation of the petitioner by the Congress of the United States, taken in connection with the general railroad law of the State of New Jersey.

By section 4 of the act incorporating the petitioner, Congress has enacted that the compensation for property, real or personal, appropriated and condemned under the act, shall " be ascertained according to the laws of the State within which the same is located; " that " in case any litigation arises out of the construction, use or operation of said bridge or approaches thereto and railroads thereon, or for the condemnation or the appropriation of property in connection therewith, under this act, the cause so arising shall be heard and tried before the Circuit Court of the United States for the judicial district in which the bridge or one of the approaches is located; " and that " applications for condemnation or appropriation of property shall be made in the Circuit Court of the United States for the district in which such property is situated, upon the petition of said company, and the hearing and trial of all other proceedings thereon shall conform as nearly as may be to the practice in the courts of the State in which such district is situated in the case of condemnation or appropriation of property for railroads." 26 Stat. 269, 270.

This direction that the proceedings in the Circuit Court of the United States shall " conform as nearly as may be to the practice in the courts of the State " must, of course, like the corresponding direction as to practice, pleadings and procedure in section 914 of the Revised Statutes, give way whenever to adopt the state practice would be inconsistent with the terms, defeat the purpose, or impair the effect, of any legislation of Congress. *Indianapolis & St. Louis Railroad* v. *Horst*, 93 U. S. 291; *Chateaugay Co., petitioner*, 128 U. S. 544; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202.

By the general railroad law of New Jersey, any railroad

corporation, which cannot agree with the owner of land required for the construction of its road, is to present an application, containing a description of the land, to a justice of the Supreme Court of the State for the appointment of three disinterested, impartial and judicious freeholders, residents in the county in which the land lies, to examine and appraise the land and to assess the damages; the commissioners so appointed are to make a report in writing of their assessment, and to file it, together with the description of the land, in the clerk's office of the county, to remain of record therein; either party aggrieved by the decision of the commissioners may appeal to the circuit court for the county, and there have the damages ascertained by the verdict of a jury, upon which judgment is to be entered; and the report so recorded, with proof of payment or tender by the corporation of the damages assessed by the commissioners, or found by the jury on appeal from their decision, is to be plenary evidence of the company's right to the land. New Jersey Laws of 1873, c. 413, §§ 12, 13, pp. 94, 95; Rev. Stat. of 1877, pp. 928, 929.

The description and report, so filed and recorded, have been declared by the Supreme Court of the State to be equivalent to a deed from the owner. *Hetfield* v. *Central Railroad*, 5 Dutcher, (29 N. J. Law,) 571, 574; *Taylor* v. *New York & Long Branch Railroad*, 9 Vroom, (38 N. J. Law,) 28.

By the practice in the courts of New Jersey, either the appointment of commissioners, or their award of damages, may be reviewed by the Supreme Court of the State on writ of *certiorari;* matters affecting the validity or the regularity of their appointment may be considered on *certiorari* to the justice appointing them, after the order of appointment and before they have acted; and questions of law affecting the power or the action of the commissioners may be determined on *certiorari* to them, after their award has been filed and not appealed from. *Morris & Essex Railroad* v. *Hudson Tunnel Railroad*, 9 Vroom, (38 N. J. Law,) 548; *Lehigh Valley Railroad* v. *Dover & Rockaway Railroad*, 14 Vroom, (43 N. J. Law,) 528; *Central Railroad* v. *Hudson Terminal Railway*,

17 Vroom, (46 N. J. Law,) 289 ; *De Camp* v. *Hibernia Railroad*, 18 Vroom, (47 N. J. Law,) 43, 518.

There are reasons why a writ of *certiorari* to review the appointment of the commissioners before they have acted, may be allowed in the courts of New Jersey, under the law of the State, which can have no application to proceedings in the Circuit Court of the United States, under the act of Congress. The appointment of commissioners under the state practice is made by a justice of the Supreme Court of the State, as a judge and not as a court, and is the first and last step to be taken by him. The award of the commissioners is not to be returned to him or to that court, but to the office of the clerk of the county in which the land lies, and is subject to appeal to a distinct tribunal, the circuit court of the county. Besides, the Supreme Court of New Jersey has power to issue writs of *certiorari*, according to the course of the common law ; and a writ of *certiorari* to quash proceedings before a special tribunal for want of jurisdiction, or to bring them up to be completed, may issue at any stage of the proceedings, differing in this respect from a writ of error. *Hoxsey* v. *Paterson*, 10 Vroom, (39 N. J. Law,) 489; *Mowery* v. *Camden*, 20 Vroom, (49 N. J. Law,) 106.

But under the act of Congress the application for the appointment of commissioners and the order appointing them are required to be made, not to and by a judge sitting at chambers, but "in the Circuit Court of the United States." The award of the commissioners so appointed must be filed and recorded somewhere, in order to preserve the proof of the rights of both parties under it. To infer that it should be filed and recorded in the office of the clerk of the county in which the land lies would be most incongruous ; for that would either subject an award of commissioners appointed by a court of the United States to appeal and review in a court of the State; or else require an award recorded in the clerk's office of a court of the State to be reviewed in the Circuit Court of the United States. The provisions of the statute of the State in this particular being inapplicable, and the act of Congress containing no special direction on the subject, the

only reasonable conclusion is that the report of the commissioners appointed by the Circuit Court of the United States must be returned to the court which appointed them, be made matter of record therein, and be subject to be confirmed or set aside by that court. *Boston & Worcester Railroad* v. *Western Railroad*, 14 Gray, 253, 258. And if a trial by jury should be had, by way of appeal from the assessment of the commissioners, it must likewise be in the same court. The case throughout, from the application of the corporation for the appointment of commissioners to assess damages to the owner of the land proposed to be taken, until judgment upon the award of the commissioners or upon the verdict of a jury, assessing those damages, remains in the Circuit Court of the United States and under its supervision and control.

The action of that court in this case, as in other cases on the common law side, is not reviewable by this court by writ of *certiorari; United States* v. *Young*, 94 U. S. 258; but only by writ of error, which does not lie until after final judgment, disposing of the whole case, and adjudicating all the rights, whether of title or of damages, involved in the litigation. The case is not to be sent up in fragments by successive writs of error. Act of September 24, 1789, c. 20, § 22, 1 Stat. 84; Rev. Stat. § 691; *Rutherford* v. *Fisher*, 4 Dall. 22; *Holcombe* v. *McKusick*, 20 How. 552, 554; *Louisiana Bank* v. *Whitney*, 121 U. S. 284; *Keystone Co.* v. *Martin*, 132 U. S. 91; *McGourkey* v. *Toledo & Ohio Railway*, 146 U. S. 536.

As by the proceedings in the Circuit Court of the United States, in the case at bar, neither the title of the corporation in the land to be taken, nor the right of the owner to damages for taking it, would be adjudicated or established before the return of the award of the commissioners, it necessarily follows, under the acts of Congress and the decisions of this court, that the order appointing commissioners was interlocutory only, and that this writ of error was prematurely sued out, and must be dismissed for want of jurisdiction.

The case of *Wheeling & Belmont Bridge* v. *Wheeling Bridge*, cited by the plaintiff in error, is distinguishable from the present case. Jurisdiction of a writ of error to the Su-

preme Court of Appeals of West Virginia, affirming an order appointing commissioners under a somewhat similar statute, was there entertained by this court, solely because that order had been held by the highest court of the State to be an adjudication of the right to condemn the land, and to be a final judgment, on which a writ of error would lie, and could therefore hardly be considered in any other light by this court in the exercise of its jurisdiction to review the decisions of the highest court of the State upon a Federal question. 138 U. S. 287, 290. To have held otherwise might have wholly defeated the appellate jurisdiction of this court under the Constitution and laws of the United States; for if the highest court of the State held the order appointing commissioners to be final and conclusive unless appealed from, and the validity of the condemnation not to be open on a subsequent appeal from the award of damages, it is difficult to see how this court could have reached the question of the validity of the condemnation, except by writ of error to the order appointing commissioners. That case, therefore, affords no precedent or reason for sustaining this writ of error to the Circuit Court of the United States.

*Writ of error dismissed for want of jurisdiction.*