# SOUTHERN RAILWAY COMPANY *v.* POSTAL TELEGRAPH-CABLE COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 64. Argued November 2, 1900.—Decided January 7, 1901.

*Luxton* v. *North River Bridge Company*, 147 U. S. 337, is decisive of the question raised in this case whether a final judgment or order has been entered by the Circuit Court which could be taken by writ of error to the Circuit Court of Appeals.

This court has jurisdiction to examine the proceedings in the Circuit Court of Appeals, and to reverse its order if its ruling is found erroneous, or the réverse if its ruling was correct.

THIS was a proceeding commenced by the Postal Telegraph-Cable Company (hereinafter called the telegraph company) against the Southern Railway Company (hereinafter called the railway company) to acquire by condemnation the right to construct its telegraph line along and over the railway company's right of way through the State of North Carolina. The petition therefor was filed by the telegraph company in the office of the clerk of the Superior Court of Guilford County, North Carolina, on June 11, 1898. A summons was issued requiring the railway company to appear before the clerk of the Superior Court on June 22, 1898, and answer. On that day the railway

company entered a special appearance and filed a petition and bond for the removal of the case to the United States Circuit Court for the Western District of North Carolina. Sundry proceedings were had in that court, such as a motion to remand, which it is unnecessary to notice. On August 31, 1898, the telegraph company by leave filed an amended petition. On September 15, 1898, the court made an order by which it directed its clerk to appoint three commissioners to assess damages, and prescribed their powers and duties. On September 19, 1898, the clerk appointed the commissioners as directed, and fixed the time and place for their meeting, and on the same day issued a notice to the railway company of his action. These orders were made on the application of the telegraph company and without notice to the railway company. Thereupon the railway company moved the court to set aside its order of September 15, and for leave to answer. On September 23 the court temporarily suspended the order of September 15. On October 24 an answer was filed, a demurrer of the telegraph company was sustained, and when the railway company asked leave to introduce testimony sustaining the averments of its answer the court overruled the application and refused to permit the railway company to introduce testimony, and so far as was needed reinstated its order of September 15, 1898. Before any further proceedings and without waiting for the assessment of damages by the commissioners and the confirmation of their award by the court, a writ of error and supersedeas was obtained by the railway company, and the case was transferred under such writ of error to the Circuit Court of Appeals for the Fourth Circuit. That court, on March 31, 1899, dismissed the writ of error for want of jurisdiction, on the ground that no final order had been entered in the Circuit Court. 35 C. C. A. 366. To review this ruling this writ of error was sued out.

*Mr. Addison Holladay* and *Mr. Robert Stiles* for plaintiff in error.

*Mr. J. R. McIntosh* for defendant in error.

Mr. Justice Brewer delivered the opinion of the court.

The single question we deem it necessary to consider is whether a final judgment or order had been entered by the Circuit Court which could be taken by writ of error to the Circuit Court of Appeals.

*Luxton* v. *North River Bridge Co.*, 147 U. S. 337, 341, is decisive of this question. Indeed, little more seems necessary than a reference to the opinion in that case. There, as here, in condemnation proceedings, an order was made appointing commissioners to assess damages. To reverse this order a writ of error was sued out, and by that writ of error an attempt was made to challenge the constitutionality of the act authorizing the condemnation, but this court dismissed the writ on the ground that the order was not a final judgment, saying, after referring to possible proceedings in the state court, that the action of the United States Circuit Court could be reviewed here "only by writ of error, which does not lie until after final judgment, disposing of the whole case, and adjudicating all the rights, whether of title or of damages, involved in the litigation. The case is not to be sent up in fragments by successive writs of error. Act of September 24, 1789, c. 20, § 22 ; 1 Stat. 84 ; Rev. Stat. § 691 ; *Rutherford* v. *Fisher*, 4 Dall. 22 ; *Holcombe* v. *McKusick*, 20 How. 552, 554 ; *Louisiana Bank* v. *Whitney*, 121 U. S. 284 ; *Keystone Co.* v. *Martin*, 132 U. S. 91 ; *McGourkey* v. *Toledo & Ohio Railway*, 146 U. S. 536."

Reference is made by counsel to *Wheeling & Belmont Bridge Co.* v. *Wheeling Bridge Co.*, 138 U. S. 287, in which this court sustained its jurisdiction of a writ of error to the Supreme Court of Appeals of West Virginia, and inquired into the validity of a judgment of that court affirming an order of a trial court appointing commissioners under a somewhat similar statute. But that decision was based on the fact that the order of the trial court had been held by the state Supreme Court to be a final judgment, on which a writ of error would lie, and therefore, being a final judgment in the view of the highest court of the State, it ought to be considered final here for the purposes of review. But no such ruling obtains in the Supreme Court of

North Carolina. On the contrary, that court has repeatedly held that an order appointing commissioners in condemnation proceedings is not a final judgment, nor subject to review until after the confirmation of the award of the commissioners. *American Union Telegraph Company* v. *Wilmington, Columbia & Augusta Railroad Company*, 83 N. C. 420, is a case directly in point. In that case a proceeding was commenced by a telegraph company to obtain a right of way for the construction and operation of its telegraph lines along the roadway of a railroad company, and, as shown by the opinion of the Supreme Court, at a hearing before the trial judge, he adjudged the telegraph company entitled to the right of way, and appointed commissioners to ascertain and report the damages. An attempt was made to take this order to the Supreme Court for review, but the right to do so was denied, the court saying (p. 421):

"Upon a careful examination of the statute, and the portions of the act of February 8, 1872, by reference incorporated with it, and regarding the policy indicated in both to favor the construction and early completion of such works of internal improvement, telegraphic being upon the same footing as railroad corporations, we are of opinion it was not intended in these enactments to arrest the proceeding authorized by them at any intermediate stage, and the appeal lies only from a final judgment. Then and not before may any error committed during the progress of the cause, and made the subject of exception at the time, be reviewed and corrected in the appellate court, and an appeal from an interlocutory order is premature and unauthorized."

In *Commissioners* v. *Cook*, 86 N. C. 18, the same ruling was made and the prior case in terms affirmed. Again, in *Norfolk & Southern Railroad Company* v. *Warren*, 92 N. C. 620, the two prior cases were cited and approved. Still again, in *Hendrick* v. *Carolina Central Railroad Company*, 98 N. C. 431, the same ruling was made, although it appeared that the facts were all agreed upon, the court saying (p. 432):

"That the defendant broadly denies the plaintiff's alleged rights and grievances, and the parties agreed upon the facts, could not give the right of appeal at the present stage of the

proceeding, because the order appealed from was nevertheless interlocutory, and an appeal from the final judgment would bring up all questions arising in the course of the proceeding, without denying or impairing any substantial rights of the defendant.

"The order appealed from is very different from that in the similar case of *Click* v. *The Railroad Co.*, decided at the present term; in the latter the court denied the motion for an order appointing commissioners, and dismissed the proceeding, thus putting an end to the right of the plaintiff therein, and therefore an appeal lay in that case."

The changes in the statute referred to by counsel for plaintiff in error, made subsequently to these decisions, may affect the mode of procedure and the basis for estimating damages, but in no manner affect the question as to the finality of the order appointing commissioners.

Neither does the order made by this court at the last term denying the defendant's motion to dismiss have any bearing on this question. That ruling determines simply our jurisdiction, not that of the Circuit Court of Appeals. That we have jurisdiction in such a case had already been adjudged. *Aztec Mining Company* v. *Ripley*, 151 U. S. 79. Having jurisdiction to examine the proceedings in the Circuit Court of Appeals, if we had found its ruling erroneous, we should have reversed its order dismissing the writ of error, but as we hold that its ruling was correct, its judgment is

*Affirmed.*