## GRAYS HARBOR LOGGING COMPANY ET AL. *v.* COATS–FORDNEY LOGGING COMPANY.[1]

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 132.   Argued January 23, 1917.—Decided March 6, 1917.

In a proceeding to condemn land for a private railway, based on Washington Constitution, Art. I, § 16, and Laws 1913, c. 133, p. 412; Rem. & Ball. Ann. Code, §§ 5857–1, *et seq.*, and governed as to procedure by Rem. & Ball. Ann. Code, §§ 921–931, the Superior Court of Washington, after a hearing on the question of necessity, entered an order of condemnation and set down the cause for a jury trial to determine damages, etc.; thereupon condemnees took the case to the Supreme Court of the State by certiorari, alleging, *inter alia*, that the Law of 1913 violates the Federal Constitution; the Supreme Court entered judgment affirming the action of the Superior Court and remitting the cause thereto for further proceedings. *Held*, that the judgment of the Supreme Court of Washington was interlocutory and therefore not reviewable in this court under § 237 of the Judicial Code. *Wheeling and Belmont Bridge Co.* v. *Wheeling Bridge Co.*, 138 U. S. 287, questioned, if not overruled.

Although a federal question involved in state court proceedings be settled by interlocutory judgment, so that the decision becomes binding on the state tribunals as the law of the case before a final judgment occurs, this court is none the less free to determine the question when the final judgment is brought here by writ of error.

Writ of error to review 82 Washington, 503, dismissed.

THE case is stated in the opinion.

*Mr. W. H. Abel*, with whom *Mr. A. M. Abel* was on the briefs, for plaintiffs in error.

---

[1] The docket title of this case is: *State of Washington ex rel. Grays Harbor Logging Company and W. E. Boeing* v. *Superior Court of Washington for Chehalis County, Mason Irwin, Judge Thereof, and Coats-Fordney Logging Company.*

*Mr. William M. Smith*, with whom *Mr. Alexander Britton, Mr. Evans Browne* and *Mr. F. W. Clements* were on the briefs, for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The Coats-Fordney Logging Company, defendant in error, instituted a proceeding by petition in the Superior Court of the State of Washington for Chehalis County against Grays Harbor Logging Company and W. E. Boeing, wherein it sought to condemn and take certain of their lands situate in that county for the purpose of constructing and maintaining a logging railroad as a private way of necessity in order to bring its lumber to market. The proceeding was based upon the following provisions of the constitution and statutes of the State:

Section 16 of Article 1 of the constitution declares: "Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes. No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right-of-way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, . . ."
Under this constitutional provision the legislature passed an act (Sess. Laws 1913, c. 133, p. 412; Rem. & Ball. Ann. Code, §§ 5857–1, *et seq.*,) which provides that lands for the construction and maintenance of a private way of necessity may be acquired by condemnation, including within the term "private way of necessity" a right of way over or

through the land of another for means of ingress or egress
and the construction and maintenance of roads, logging
roads, tramways, etc., upon which timber, stone, minerals
or other valuable materials and products may be trans-
ported and carried.  The procedure is to be the same as
provided for condemnation of private property by rail-
road companies.  This refers us to Rem. & Ball. Ann.
Code, §§ 921–931 (5637–5645), whereby it is provided, in
substance (§ 921) that any corporation authorized by law
to appropriate land for a right of way may present to the
Superior Court of the county in which the land is situate
a petition describing the property sought to be appro-
priated, setting forth the names of the owners and parties
interested, and the object for which the land is sought to
be appropriated, and praying that a jury be impaneled to
ascertain and determine the compensation to be made in
money; (§ 922) a notice of the petition stating the time
and place where it will be presented to the court is to be
served upon each person named therein as owner or other-
wise interested; (§ 925) at the hearing, if the court be
satisfied by competent proof that the contemplated use
for which the land is sought to be appropriated is really a
public use, or is for a private use for a private way of
necessity and that the public interest requires the prosecu-
tion of such enterprise, and that the land sought to be
appropriated is necessary for the purpose, the court may
make an order directing the sheriff to summon a jury;
(§ 926) at the trial the jury shall ascertain, determine, and
award the amount of damages to be paid to the owners
and other persons interested, and upon the verdict judg-
ment shall be entered for the amount thus awarded;
(§ 927) at the time of rendering judgment for damages, if
the damages awarded be then paid, or, if not, then upon
their payment, the court shall also enter a judgment or
decree of appropriation, thereby vesting the legal title to
the land in the corporation seeking to appropriate it;

(§ 929) upon the entry of judgment upon the verdict of a jury and award of damages the petitioner may make payment of the damages and costs of the proceeding to the parties entitled to the same by depositing the same with the clerk of the Superior Court, to be paid out under the direction of the court, and upon making such payment the petitioner shall be released from further liability, unless upon appeal the owner or other party interested shall recover a greater amount; (§ 931) "Either party may appeal from the judgment for damages entered in the superior court to the supreme court of the state within thirty days after the entry of judgment as aforesaid, and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal."

Plaintiffs in error opposed the petition for condemnation upon the ground, among others, that the Act of 1913 was contrary to the Constitution of the United States, and that petitioner sought to take their property for a private use and therefore without due process of law, in violation of that Constitution. After hearing testimony upon the question of necessity, the Superior Court entered an order of condemnation, and by the same order set the cause down for trial before a jury for the purpose of determining and assessing the damages and compensation. At this point, and before the cause could be brought to trial before a jury, plaintiffs in error applied for and obtained from the Supreme Court of the State a writ of certiorari for the purpose of reviewing the question of the constitutionality of the act and the right of petitioner to condemn their property for its right of way. The Supreme Court sustained the proceedings, 82 Washington, 503, and entered a judgment affirming the judgment of the Superior Court, and remitting the cause to that court for further proceedings. A writ of error was then sued out from this court under § 237, Jud. Code.

Defendants in error move to dismiss the writ of error on the ground that the judgment of the state court is not final. To this plaintiffs in error respond by saying that under the state practice the judgment of the Superior Court establishing the right of petitioner to acquire the property or right of way sought is final; that while an appeal will not lie from such a judgment to the Supreme Court, this is because the statutory provision for an appeal in condemnation cases is limited to the question of the amount of damages, and a general statute providing for appeals has been held not applicable to eminent domain proceedings, *Western American Co.* v. *St. Ann Co.*, 22 Washington, 158; that because an appeal will not lie the Supreme Court has held that a writ of certiorari or review will issue to bring before that court for determination the questions of use and necessity, *Seattle & Montana R. R. Co.* v. *Bellingham Bay & Eastern R. R. Co.*, 29 Washington, 491; and that by repeated decisions of that court it has been settled that after an order adjudging necessity has been made and a trial had to determine the amount of damages an appeal taken therefrom raises no question as to the right to condemn, but is confined to the propriety and justness of the amount of damages; *Fruitland Irrigation Co.* v. *Smith*, 54 Washington, 185; *Calispel Diking District* v. *McLeish*, 63 Washington, 331; *Seattle, Port Angeles & Lake Crescent Ry.* v. *Land*, 81 Washington, 206, 209; *State ex rel. Davis* v. *Superior Court*, 82 Washington, 31, 34. In this state of the local practice it is argued that the judgment that has been entered should be regarded as finally disposing of a distinct and definite branch of the case, and therefore subject to our review as a final judgment; leaving the ascertainment of the compensation and damages to be dealt with as a separate branch of the case. *Wheeling & Belmont Bridge* v. *Wheeling Bridge Co.*, 138 U. S. 287, 290, is cited in support of this contention, and certainly seems to lend color to it. But, notwithstanding

the decision in that case, we cannot regard a condemnation proceeding taken under the authority of the constitution of Washington and the Act of 1913 as severable into two distinct branches. The constitution forbids that the property be taken without compensation first made or ascertained and paid into court for the owner, and of course in case of controversy compensation cannot be made to the owner until the amount of it has been ascertained. It follows that the judgment entered by the Superior Court to the effect that petitioner was entitled to condemn and appropriate the land in question for its right of way must be construed as being subject to a condition that the proper compensation be first ascertained and paid.

As we read the decisions of the Supreme Court of the State, such judgments are not interpreted in any other sense; they are not described as final, nor as independent judgments. In two cases the term "order" and even "preliminary order" has been employed with respect to such judgments (*State ex rel. Pagett* v. *Superior Court*, 46 Washington, 35, 36; *Seattle, Port Angeles & Lake Crescent Ry.* v. *Land*, 81 Washington, 206, 209), and they are held reviewable by certiorari and not by appeal, not because they are final, or are independent of the subsequent proceedings ascertaining the damages, but because in Washington proceedings by appeal are statutory, and no statute has been enacted giving an appeal from the order or judgment determining the questions of use and necessity; by reason of which, the writ of certiorari is employed as a means of exercising the constitutional power of review.

The judgment, therefore, seems to us to be interlocutory, and the case to be within the authority of *Luxton* v. *North River Bridge Co.*, 147 U. S. 337, 341; *Southern Railway Co.* v. *Postal Telegraph-Cable Co.*, 179 U. S. 641, 643; and *United States* v. *Beatty*, 232 U. S. 463, 466.

When the litigation in the state courts is brought to a

conclusion, the case may be brought here upon the federal questions already raised as well as any that may be raised hereafter; for although the state courts, in the proceedings still to be taken, presumably will feel themselves bound by the decision heretofore made by the Supreme Court, 82 Washington, 503, as laying down the law of the case, this court will not be thus bound. *United States* v. *Denver & Rio Grande R. R. Co.,* 191 U. S. 84, 93; *Messenger* v. *Anderson,* 225 U. S. 436, 444; *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413, 418.

The judgment brought up by the present writ of error not being a final judgment, within the meaning of § 237, Jud. Code, the writ must be

*Dismissed.*