**DIECKMANN et al. v. UNITED STATES.**
No. 5942.

Circuit Court of Appeals, Seventh Circuit.
Feb. 16, 1937.

Andrew W. Kops and R. E. Noelker, both of Batesville, Ind., for appellants.

Harry W. Blair, Asst. Atty. Gen., Val Nolan, U. S. Atty., of Indianapolis, Ind., and Ralph S. Boyd, Sp. Atty., Department of Justice, of Washington, D. C., for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court overruling appellants' objections to the complaint and appointing appraisers for the assessment of damages to their land. The action involved was a condemnation proceeding with respect to land for use in connection with a demonstration recreational project alleged to be authorized by title 2 of the National Industrial Recovery Act, 48 Stat. 195 (section 201 et seq., 40 U.S.C.A. § 401 et seq.), and Executive Orders issued thereunder.

We are first confronted with appellee's motion to dismiss the appeal on the ground that it is not from a final order as contemplated by section 128 of the Judicial Code, as amended, 28 U.S.C.A. § 225.

No question is raised as to the government's right to exercise the power of eminent domain for all purposes set forth in the National Industrial Recovery Act, which are consonant with the Constitution, and it is conceded that if the purpose here involved is of that character and is within the purview of that Act, the right of eminent domain with respect to appellants' land, which lies in Indiana, must be exercised as near as may be, in conformity to the laws of that state, 40 U.S.C.A. § 258.

The pertinent sections of the Indiana statute are found in Burns' Annotated Statutes 1933, § 3-1705 (7684) et seq. This statute provides that any defendant may object in writing to such proceedings on the ground that the court has no jurisdiction either of the subject matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections.

The statute further provides that if the land owner's objections to the complaint for condemnation are overruled, the court or judge shall appoint appraisers, and from such interlocutory order over-ruling such objections and appointing appraisers the land owner may appeal to the Supreme Court, but the appeal shall not stay the proceedings. Thereafter the appraisers shall determine and report the value of the land and improvement and the damage resulting to the owner by virtue of the appropriation. Either party may contest the amount of damages or benefits, and upon the evidence adduced at that trial the court, as in civil actions, may render such findings and judgment as may seem just. From that judgment as to benefits or damages, either party may appeal to the Supreme Court of the state. If the plaintiff shall pay to the clerk of the court the amount of damages assessed by the appraisers, he may take possession of and hold the interest in the lands so appropriated for the uses stated in the complaint, subject to the first appeal, but the amount of benefits or damages shall be subject to review as hereinbefore stated.

The question presented by the motion to dismiss the appeal is whether the order of the District Court in overruling appellants' objections to the complaint and appointing appraisers was an order from which an appeal will lie to this court under section 128 of the Judicial Code. We think it was not. It is quite true that under the Indiana law the order was an appealable one, for it was made so by state statute, but the federal statute, by which we are controlled, provides otherwise. We do not understand that the federal conformity statutes were ever intended to abrogate the plain terms of any federal statute governing appeals in federal procedure.

To support their position, appellants rely on Wheeling & Belmont Bridge Company v. Wheeling Bridge Company, 138 U. S. 287, 11 S.Ct. 301, 34 L.Ed. 967. The facts in that case, however, are not analogous to those confronting us. There the case was instituted in the state court, which overruled the owner's objections to the complaint and appointed appraisers. Thereupon the owner properly appealed to the Supreme Court of West Virginia under a state statute quite similar to that of Indiana. The Supreme Court of West Virginia affirmed the trial court (34 W.Va. 155, 11 S.E. 1009), and from that decision the owner appealed to the United States Supreme Court upon a constitutional question which had been properly preserved throughout the prior proceedings. That

court relied upon the state court's ruling that the order was an appealable one, and it retained jurisdiction. Under those circumstances we think there were cogent reasons why the ruling was proper. A constitutional question was presented upon which appellant at some time was entitled to have a ruling of the Supreme Court of the United States. If that court had dismissed the appeal, the decision of the Supreme Court of West Virginia would have been certified to the trial court and the ruling could not have been questioned thereafter. True, as under the Indiana statute, there was the right of another appeal to the state Supreme Court, but it related only to the question of benefits and damages.

In Luxton v. North River Bridge Company, 147 U.S. 337, 13 S.Ct. 356, 358, 37 L.Ed. 194, the court held that the appointment of commissioners to assess damages for the appropriation of land in New Jersey under condemnation proceedings was not a final judgment upon which a writ of error would lie. In distinguishing the Wheeling & Belmont Case it used the following language: "Jurisdiction * * * was there entertained * * * solely because that order had been held by the highest court of the State to be an adjudication of the right to condemn the land, and to be a final judgment, on which a writ of error would lie, and could therefore hardly be considered in any other light by this court in the exercise of its jurisdiction *to review the decisions of the highest court of the State* upon a Federal question. * * * To have held otherwise might have wholly defeated the appellate jurisdiction of this court under the Constitution and laws of the United States * * *." (Our italics.)

In Grays Harbor Logging Company v. Coats-Fordney Logging Company, 243 U.S. 251, 37 S.Ct. 295, 297, 61 L.Ed. 702, there was involved a condemnation of land for a private railway in the State of Washington under a state statute similar to that of Indiana. The court held that although a federal question involved in state court proceedings be settled by interlocutory judgment, so that the decision became binding on the state tribunals as the law of the case before a final judgment occurred, the Supreme Court of the United States was none the less free to determine the question when the final judgment was brought there by writ of error. The court said: "When the litigation in the state courts is brought to a conclusion, the case may be brought here upon the federal questions already raised as well as any that may be raised hereafter; for although the state courts, in the proceedings still to be taken, presumably will feel themselves bound by the decision heretofore made by the supreme court [State ex rel. Grays Harbor Logging Co. v. Superior Court] 82 Wash. 503 [144 P. 722], as laying down the law of the case, this court will not be thus bound."

In Elder v. McClaskey (C.C.A.) 70 F. 529, 551, Justice Taft said: "The argument of counsel for petitioner persistently ignores the fact that the question of the finality of a decree, for purposes of appeal or otherwise, in the federal courts, is not affected by the procedure in the state courts, but must be governed by the statutes of the United States, and the procedure and rules of decision in those courts." See, also, Southern Railway Company v. Postal Telegraph Cable Company, 179 U.S. 641, 21 S.Ct. 249, 45 L.Ed. 355.

Appeal dismissed.