## UNITED STATES v. CATLIN et al.

### No. 8500.

Circuit Court of Appeals. Seventh Circuit.

June 2, 1944.

R. H. McRoberts, of St. Louis, Mo., and George D. Burroughs, of Edwardsville, Ill., for appellants.

Howard L. Doyle and Marks Alexander, U. S. Atty., both of Springfield, Ill., George R. Schwartz, Department of Justice, of Jerseyville, Ill., and Norman M. Littell and Vernon L. Wilkinson, Department of Justice, both of Washington, D. C., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is a condemnation proceeding instituted by the government March 31, 1942. The petition was filed under the Act of August 18, 1890, as amended, 50 U.S.C.A. § 171, and the Appropriations Act of December 17, 1941, 55 Stat. 810. It was alleged that the land to be condemned was "needed for the site, location, construction and prosecution of works for fortifications," and that the necessary funds had been appropriated. At the government's request, an order of immediate possession was entered on the day of the filing of the petition, and thereafter the War Department took such possession and commenced the construction of an Army Engineer Depot.

On November 12, 1942, a Declaration of Taking was filed, pursuant to the Declaration of Taking Act of February 26, 1931, 40 U.S.C.A. § 258a, in which appellants were named as the purported owners. The court on the same date entered a judgment or order decreeing that title to the lands described in such Declaration had vested in the United States upon the filing of such Declaration, and that "the right to just compensation for the same is now vested in persons entitled thereto." On November 30, 1943, the District Court denied appellants' motion to vacate the judgment entered November 12, 1942 on the Declaration of Taking, and to dismiss the petition in condemnation on the ground that the requisite jurisdictional facts and statutory authority had not been sufficiently alleged.

This appeal is from the judgment on the Declaration of Taking and from the order of November 30, 1943 denying appellants' motion to vacate such judgment and to dismiss the condemnation petition.

Two issues are presented for decision, which, stated in the order of their importance, are:

(1) Whether this court has jurisdiction of the appeal. This depends upon whether the judgment appealed from is final within the meaning of § 128(a) of the Judicial Code as amended, 28 U.S.C.A. § 225(a).

(2) Whether the condemnation proceeding was authorized by the statutory provision upon which it was predicated. If the first issue is determined adversely to appellants, it will be unnecessary to consider the second issue.

 Under a long line of authorities, it has been held that a condemnation proceeding is not reviewable "until after final judgment, disposing of the whole case, and adjudicating all the rights, whether of title or damages, involved in the litigation. The case is not to be sent up in fragments * * *." Luxton v. North River Bridge Co., 147 U.S. 337, 341, 13 S.Ct. 356, 358, 37 L.Ed. 194; Southern Ry. Co. v. Postal Telegraph Co., 179 U.S. 641, 643, 21 S.Ct. 249, 45 L.Ed. 355; Grays Harbor Co. v. Coats-Fordney Co., 243 U.S. 251, 256, 37 S. Ct. 295, 61 L.Ed. 702 (and many other cases which could be cited). On the authority of these cases, we think there is no question but that the part of the judgment appealed from which denied appellants' motion at-

tacking the sufficiency of the complaint was not final and, therefore, not subject to review. In fact, this court so held in Dieckmann v. United States, 7 Cir., 88 F.2d 902. It has recently been held that the denial of a challenge to the validity of an indictment lacks finality so as to give an appellate court jurisdiction to review. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 30, 63 S.Ct. 938, 87 L.Ed. 1185. By the same token, the court's denial of appellants' challenge to the sufficiency of the complaint is not reviewable.

█ It is contended, however, that the judgment on the Declaration of Taking which vested title in the government is final, and that such judgment is an exception to the general rule as to finality in a condemnation proceeding. A number of courts have considered this question and appear to be in rather hopeless conflict. Appellants rely upon the decisions of three circuits as sustaining their position. City of Oakland v. United States, 9 Cir., 124 F.2d 959; United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678; and Puerto Rico Ry. Light & Power Co. v. United States, 1 Cir., 131 F.2d 491. The Oakland case carries little, if any, weight on the jurisdictional question, which it neither discusses nor decides. The 243.22 Acres of Land case in a measure sustains appellants' contention, although the judgment there appealed from was a "judgment of condemnation" [124 F.2d 962] and the court expressly pointed out (footnote page 683 of 129 F.2d) that it made no decision as to whether a judgment based upon a Declaration of Taking was appealable. The Puerto Rico case squarely holds that a judgment on the Declaration of Taking is final and appealable.

Two courts have directly held to the contrary. Turnbull v. United States, 6 Cir., 139 F.2d 126, and Dade County v. United States, decided by the Fifth Circuit April 22, 1944, 142 F.2d 230. It is doubtful if a review of these conflicting decisions would be of material assistance, and we shall not attempt to do so. It is sufficient to observe that the weight of the authority found in such decisions is almost equally divided and, under such circumstances, we feel perfectly free to reach an independent conclusion.

A study of the Declaration of Taking Act makes it plain, so we think, that any judgment rendered upon such taking is not final but merely interlocutory and not appealable, the same as any other interlocu-

tory order, § 258a and related §§ 258b, 258c, 258d and 258e, all enacted on the same date, have to do with procedure in condemnation proceedings and all contain in their respective titles, "in advance of final judgment." § 258a, which authorizes the filing of a Declaration of Taking, provides:

"Upon the filing of such declaration of taking and of the deposit in the court * * * title to the said lands * * * shall vest in the United States of America."

Further, it provides:

"The right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein."

It provides for interest on such judgment on the "amount finally awarded as the value of the property as of the date of taking." It further provides that no interest shall be allowed on the portion of the compensation finally awarded as was paid into court at the time of the filing of the declaration of taking. Further, if the compensation finally awarded exceeds the amount deposited in court, judgment is to be entered against the United States for such excess, and if the amount finally awarded is less than that deposited, judgment shall be in favor of the United States for the difference. Cf. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55.

█ It will thus be noted that the judgment referred to both in the title and in the Act is that which finally determines the "just compensation" to be awarded. Furthermore, the Act makes no requirement that a judgment or order be entered. The purpose of the Act is accomplished "upon the filing of such declaration of taking and of the deposit in the court." The entry of a judgment, therefore, is immaterial and renders no aid to the vesting of title in the government. This court so held in United States v. Sunset Cemetery Co., 7 Cir., 132 F.2d 163, 164. As was said in the Dade County case, supra:

"It does not matter whether the court makes any order about it or not. The Act proceeds to say: 'and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein.' That is the real and substantial function of the court. That judgment is the essential and final one. What precedes is interlocutory."

This view is consistent with and, we think, finds support in United States v. Miller, supra, wherein the court said (page 381 of 317 U.S., page 283 of 63 S.Ct., 87 L. Ed. 336, 147 A.L.R. 55):

"When the declaration is filed the amount of estimated compensation is to be deposited with the court to be paid as the court may order 'for or on account' of the just compensation to be awarded the owners. Thus the acquisition by the Government of title and immediate right to possession, and the deposit of the estimated compensation, occur as steps in the main proceeding."

As the Court on the following page stated: "The situation is like that in which litigants deposit money as security or to await the outcome of litigation."

■ An understanding of the purpose of the Act refutes the contention that a judgment entered upon a Declaration of Taking is final. Such purpose was stated in the Miller case, supra, page 381 of 317 U.S., page 283 of 63 S.Ct., 87 L.Ed. 336, 147 A.L.R. 55:

"The purpose of the statute is twofold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property."

Premised upon the purpose thus stated, it appears that the Act was not designed to alter the rights of the parties. Nothing is added to or taken from either the right of the government to condemn or the constitutional right of the condemnee to be awarded "just compensation." It merely provides a procedure which protects the rights of the respective parties and expedites the method of their realization.

■ The government is not required to file a Declaration of Taking. Such procedure is optional. If it elects, however, to do so, it is required to estimate the value of the property taken and make such sum available as compensation to the landowner. Such action is merely tentative, and, as already pointed out, the amount awarded may be increased or decreased by final judgment. The procedure thus employed is purely incidental to the main suit.

Furthermore, we are doubtful if the procurement of title by the government under a Declaration of Taking is open to attack. It would seem that the validity of the government's action in taking is dependent solely upon its authority to condemn. If it has the authority to condemn, there follows under the Act the absolute right to take. If there is a lack of authority to condemn, there is also a lack of authority to take. In other words, the authority to condemn and the right to take must stand or fall together. We need not go this far, however, in deciding the question before us. It is sufficient, and we decide nothing more, that a judgment rendered upon a Declaration of Taking is interlocutory and not subject to review.

The appeal is dismissed.