924

**UNITED STATES v. CERTAIN LAND IN DOUGLAS COUNTY, WIS., et al.**

Civil Action No. 525.

District Court, W. D. Wisconsin.

July 6, 1944.

John T. Harrington, Sp. U. S. Atty., of Madison, Wis., for petitioner.

Clifford W. Gardner, of St. Paul, Minn., for respondents listed in second paragraph of memorandum.

STONE, District Judge.

These proceedings were instituted by petitioner on June 21, 1943, under the Second War Powers Act of 1942, 50 U.S.C.A.Appendix, § 631 et seq., and related statutes, to acquire by condemnation the temporary use and possession of real property necessary for military, naval or other war purposes. The petition and exhibits pertaining thereto were filed with this Court and an order was entered on said date vesting in petitioner immediate possession of the property involved herein. On February 29, 1944, commissioners were appointed by the Court to fix the amount of compensation due the owners for the taking of said property.

Certain of the respondents herein, to-wit: George Bacich, John Bacich, Minnie Ristau, Ida M. Allen, Julia Teisberg, Carl A. Brink, Helga M. Brink, Mamie A. Brink, Margaret Skog and Amelia J. Skog, who claim an interest in the lands described in the petition and a right to immediate possession thereof, filed a motion to vacate the order of June 21, 1943, and to quash the above entitled proceedings insofar as they affect the interest of the said respondents, for the reason that they are void and without warrant of authority in that the petitioner failed and neglected to file a Declaration of Taking, failed to pay respondents for the said property, and failed to deposit with the Court to the use of the respondents the amount of the estimated compensation.

The filing of the Declaration of Taking is not essential to the acquisition of property by the United States. Such procedure is optional. If the petitioner elects to file a Declaration of Taking, it must deposit with the Court the estimated compensation specified in the Declaration. United States of America v. Catlin et al., 7 Cir., 142 F.2d 781.

The War Powers Act, 50 U.S.C.A. § 171, as amended by Title II of the Second War Powers Act, 50 U.S.C.A.Appendix, § 632, specifically provides that in time of war or imminence thereof, immediate possession of property may be taken upon the mere filing of a petition in condemnation proceedings.

In these proceedings the petitioner is taking possession only and is not taking

title under the Declaration of Taking Act. The owners have their remedy to enforce payment of compensation for the temporary use of the property. While no money has been paid into Court, the Court can take judicial knowledge of the fact that adequate appropriation has been made by Congress to fully compensate the property owners. The appropriation is back of the obligation to pay for whatever is taken in pursuance of authorized purposes.

■ The United States may take immediate possession of property, in the absence of the passing of title, without filing a Declaration of Taking or without prior deposit of the estimated compensation. United States v. Meyer, 7 Cir., 113 F.2d 387, certiorari denied 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 459; Commercial Station P. O. v. United States, 8 Cir., 48 F.2d 183; Crozier v. Fried Krupp, Aktiengesellschaft, 224 U.S. 290, 32 S.Ct. 488, 56 L.Ed. 771.

The possession of the property in question was lawfully acquired by petitioners for an authorized purpose.

It is therefore ordered that the motion of respondents to vacate the order granting possession to petitioner and quashing these proceedings be and the same is hereby denied.

Respondents may have an exception.