## TOUCHTON v. CITY OF FORT PIERCE, FLA.

### No. 9304.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1940.

Rehearing Denied March 15, 1940.

W. J. Touchton and H. C. Crittenden, both of Winter Haven, Fla., for appellant.

Robert J. Pleus, of Orlando, Fla., and Edward O. Denison, of Fort Pierce, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal, according to the notice thereof filed by appellant, purports to be (a) from the retention by the district court, for later determination, of jurisdiction of one of the issues presented by the pleadings, and (b) from an interlocutory order refusing to dissolve an injunction; but when we examine the order under review, we find that the only question properly before us relates to the refusal of the court to dissolve the injunction.

The City of Fort Pierce is a municipal corporation duly existing under the laws of Florida. On June 19, 1939, it filed a petition in the court below seeking approval and confirmation of a plan for the readjustment and composition of its debts, pursuant to Chapter IX of the Bankruptcy Act of the United States, approved June 22, 1938, 52 Stat. 939, 11 U.S.C.A. § 401 et seq.

On July 17, 1939, the court below enjoined appellant from further prosecution of his action for mandamus in a Florida state court, filed June 5, 1939, wherein, on the same day, an alternative writ had been issued upon his petition alleging that he was the holder of past-due bonds and interest coupons of appellee in the sum of $77,000. The appellant had objected to the stay order, alleging that he acquired a lien upon service of the alternative writ upon the city; later, he filed a motion for the dissolution thereof and for a determination by the court of the existence of his lien as previously stated, which motion was denied.

Appellant insists that this court is without authority to determine whether or not he obtained a lien or vested right by service of the alternative writ, because the appellee took no cross-appeal from the order of the district court. This argument, by confusing one of the reasons for the court's decision with the decision itself, misconstrues what was actually done. The district court expressed the opinion that service of the alternative writ created a vested right, but it made no adjudication to that effect and entered no order or decree from which a cross-appeal might have been taken by appellee. The effective part of the order being wholly favorable to appellee, we are not prevented from upholding the portion appealed from on any valid ground.

It must be conceded that the court below was right in refusing to dissolve the injunction unless, by reason of the alternative writ, the appellant obtained a lien, advantage, or right of priority of payment which amounted to a vested right within the meaning of the exception to the act, which provides that power is vested in the district court, upon notice, to enjoin or stay, pending the determination of the matter, the commencement or continuation of suits against the city to enforce any lien or to enforce the levy of taxes or assessments for the payment of its obligations, "except where rights have become vested." 50 Stat. 653, 11 U.S.C.A. § 403 (c). Thus, by the specific provision cited, judicial proceedings to enforce any lien or to enforce the levy of taxes for the payment of obligations of the city may be enjoined.

It may be, as argued, that service of the alternative writ created an inchoate lien, but, if so, its completion is contingent upon the happening in the future of an event which may never take place. Mandamus is an equitable remedy and is controlled by equitable principles. There is no Florida statute declaring a lien established by the service of an alternative writ, which, on its face, is a mere order by the court directing an officer to perform his duty or to show cause why he shoud not do so. The alternative writ is subject to the same rules, as to amendments, as are applicable to declarations in ordinary legal proceedings. Notwithstanding the issuance of an alternative writ, the granting or denial of a peremptory writ is a matter within the sound discretion of the court. [1]

The alternative writ may determine priorities between litigating creditors, but the lien, if any, arising therefrom is created by legal proceedings and is neither expressly nor impliedly preserved by Chapter IX of the Act. It is important to distinguish between liens by statute, liens by contract, and liens created by judicial proceedings. Since there is no provision in Chapter IX invalidating liens obtained by judicial proceedings within four months of the filing of the petition in bankruptcy, there can be no implication that the Congress intended to preserve liens obtained by such proceed-

[1] United States ex rel. Greathouse v. Dern, 289 U.S. 352, 53 S.Ct. 614, 77 L. Ed. 1250; City of Asbury Park v. Christmas, 3 Cir., 78 F.2d 1003; Vallette v. City of Vero Beach, 5 Cir., 104 F.2d 59; City of Bradenton v. State, ex rel. Perry, 118 Fla. 838, 160 So. 506, 100 A. L.R. 400; State of Florida, ex rel. Garland v. City of West Palm Beach, Fla., 193 So. 297.

**372**

ings regardless of the time of institution thereof. [2]

The provisions of the act itself show the legislative intent, and such intent is binding upon us. [3] We have no doubt that the alleged lien under review is not a vested right within the exception to the power of the district court to stay or enjoin the appellant's proceeding in the state court.

Accordingly, the judgment of the district court is affirmed.

---

[2] Cf. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060, 1061, 17 A.B.R.,N.S., 630; 8 C.J., p. 897, Sec. 244.

