LAYCOCK et al. v. HIDALGO COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. 12 et al.

No. 10614.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1944.

790

L. Hamilton Lowe, of Edinburg, Tex., for appellants.

Vernon B. Hill and D. F. Strickland, both of Mission, Tex., and W. L. Matthews, of San Antonio, Tex., for appellees.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that they were the owners by purchase from one Shumate of a judgment he had obtained against the defendant, Hidalgo County Water Control and Improvement District No. 12, on coupons attached to interim bonds issued by the District on April 10, 1930, plaintiffs brought this suit on November 7, 1937. Elaborately setting out the creation of the district, the voting and issuance of construction bonds, the issuance of interim bonds, the purchase by plaintiffs of the Shumate judgment, the failure of the district and its directors to perform and cause to be performed the duties, in respect of servicing and paying the bonds and coupons, which the statute authorizing their issuance had imposed, plaintiffs sought not a mandamus by way of the mere execution of the judgment but an elaborate order requiring the defendants to take all the steps and do all the things required by the statute authorizing the district to vote the construction bonds on which the interim bonds were based.

On June 13, 1938, the defendants filed their second amended original answer and cross-bill, resisting the writ on the grounds (1) that the Shumate judgment had been obtained by fraud upon the jurisdiction of the court; (2) that the interim bonds and coupons had been fraudulently put in circulation and plaintiffs were parties to or cognizant of the fraud; (3) that the interim bonds were on their face null and void, that the State of Texas, in State of Texas ex rel. Abney v. Miller, in the District Court of Willacy County, Texas, was suing to have them and all judgments and proceedings supporting or sustaining them declared null and void, and that plaintiffs could not have the relief they were suing for because it would require the defendants to do acts and take steps which, the bonds being illegal and void, were prohibited by law. They prayed that the writ sued for be denied, that the judgment be set aside, and for general relief in law and in equity. Thereafter, on February 5, 1942, the State of Texas, alleging that it had obtained a judgment in Abney v. Miller declaring the interim bonds and coupons of the District to be null and void, which judgment had become final by affirmance,[1] moved to intervene. Plaintiffs' opposition to this motion denied, the State, adopting the allegations of the defendants' answers and cross-actions, and pleading in addition that the bonds had been declared null and void, prayed that plaintiffs take nothing by their suit, that the judgment they sued on be cancelled and held for naught, and that plaintiffs be enjoined from making further claim under the judgment. There was a stipulation that either party might offer any part of the proceedings in the Miller suit, and the cause went to trial and was tried before the judge without a jury.

Rejecting the defendant's contention that the judgment was a fraud on the jurisdiction, the judge refused to set it aside. He found, though: That the facts were, as they had been set out in the opinions of the Texas appellate courts in State v. Miller, and Miller v. State, Note 1, supra;

---

[1] State v. Miller, 133 Tex. 498, 128 S.W.2d 1134; Miller v. State, Tex.Civ.App., 155 S.W.2d 1012, writ refused.

that plaintiffs were not "bona fide innocent purchasers for value" of the judgment or of the coupons upon which it was based; and that the courts of Texas had finally and conclusively determined that the interim bonds were invalid on their face. He concluded that because this was so, plaintiffs were not entitled to the relief sued for, but, on the contrary, they should be enjoined from asserting any further claims under, or making any use whatever of, the judgment.

Plaintiffs are here as appellants insisting that the judgment they sued on is res judicata of the validity of the coupons on which it is based; that mandamus is a writ of right in the nature of an execution on the judgment; and that in such a mandamus suit, the judgment cannot be gone back of, the claim on which it was based cannot be inquired into.

Appellees, without cross-appealing, are here insisting that mandamus, while a legal writ, is an extraordinary and drastic one, and may be issued only where the duty sought to be enforced is clear and the sound discretion of the court requires its issuance. 34 Am.Jur., 829, Sec. 33.

Pointing out that the writ plaintiffs seek is not one for the mere execution of the judgment requiring the officers of the district to perform the ministerial duty of levying taxes to pay a debt, but is one which, setting out and relying on the statute upon the authority of which it is claimed the bonds issued, seeks an order requiring the levy of the taxes provided in the statute for the servicing and payment of valid bonds, appellees, insisting that the judgment of the District Court was right, and that the relief sought could not be granted, invokes, as directly in point, Commissioner of Taxing District of City of Brownsville v. Loague, 129 U.S. 493, 9 S.Ct. 327, 32 L.Ed. 780.

 We agree with appellees. Though mandamus is classified as a legal remedy, its issuance is largely controlled by equitable principles and its granting or withholding proceeds on equitable grounds.[2] It is ordinarily not available to those who do not come into court with clean hands, 34 Am.Jur., supra. Designed

to remedy a wrong, not to promote one,[3] where the right of the plaintiff is at all confused or in doubt, where it would work injustice and not justice, where, as here, it would be requiring a person to do what the law forbids him to do, the writ will not issue. 34 Am.Jur., Secs. 34, 35, 36 and 40.[4] We agree with them, too, that Brownsville v. Loague is controlling.

In addition, the State, urging upon us that the judgment on the coupons was not binding as to it, because it was not a party to the suit, and that, under the authority of the Miller cases, supra, it has the right to cancel and annul by suit bonds illegally and invalidly issued, insists that as between plaintiffs and it, the matter stands as though the suit were on the coupons and not on the judgment.

Appellants vigorously contest this. Pointing out that the Montalvo judgment set aside in the Miller case was not, as the Shumate judgment is, a money judgment in favor of a private suitor, but was merely a general declaratory judgment that the bonds were valid, entered in a suit to which no bond holder was a party, they insist that the Miller cases did not deal with, they have no bearing on, the right of the State to disregard their judgment.

Agreeing, as we do, with appellees: that the Brownsville-Loague case is controlling here; that plaintiffs are not entitled to the relief they seek for the reasons there given; and that, on the undisputed facts of record, the judgment enjoining plaintiffs from seeking to enforce their judgment was right, we find it unnecessary to determine this point. We think it sufficient to hold that under the facts alleged and proven, in the light of the law of Texas as the Miller cases declared it, and of the United States, as it is declared in Brownsville v. Loague, the bonds and coupons being void on their face, the relief plaintiffs seek may not be granted under the guise of a mandamus to satisfy a judgment debt. Because, too, upon the undisputed facts of record, it would be unconscionable to permit plaintiffs to seek enforcement of their judgment, we think it clear that the judgment enjoining its enforcement was rightly entered. The judgment was right. It is affirmed.

---

2 United States v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; Touchton v. City of Fort Pierce, 109 F.2d 370.

3 United States v. Fisher, 222 U.S. 204, 32 S.Ct. 37, 56 L.Ed. 165.

4 Drainage District v. Murphy, 8 Cir., 119 F.2d 390.

SIBLEY, Circuit Judge (concurring).

The judgment sought to be enforced by mandamus, and whose validity is upheld, settles as between the parties to it that a valid debt exists. I do not think the plaintiff in the judgment is entitled to the elaborate mandamus he asks for, but he may be entitled to invoke other process of a more ordinary kind to collect his debt, not pointed out in this proceeding. But all enforcement of the judgment ought not to have been enjoined by the decree appealed from, at the instance of the judgment debtor, because no extrinsic fraud appears and no illegality in the judgment, and there was no prayer even for such an injunction.

But the State of Texas, in the statute which authorized the issuance of the bonds, coupons from which were reduced to judgment, reserved the right to question the validity of bonds so issued, and was allowed to intervene for that purpose in this case. The State did pray for an injunction against enforcement of the judgment as a public debt. The State can so proceed, and did set aside a judgment about these very bonds in State v. Miller, 133 Tex. 498, 128 S.W.2d 1134; Miller v. State, 155 S.W.2d 1012. The State was not a party to the present judgment and not bound by it. The plaintiff in judgment was no bona fide holder, but a party to a fraud by which the bonds were gotten from the district. The enforcement of the judgment ought, at the instance of the State, to have been enjoined, and the decree appealed from ought to be affirmed on this ground.