**POLSON LOGGING CO. v. UNITED STATES.**

No. 10870.

Circuit Court of Appeals, Ninth Circuit.

June 6, 1945.

L. B. Donley, of Aberdeen, Wash., and F. D. Metzger and Metzger, Blair & Gardner, all of Tacoma, Wash., for appellant.

J. Edward Williams, Acting Head, Lands Division, and Vernon L. Wilkinson, Atty. Dept. Justice, both of Washington, D. C., and Frank P. Keenan, Sp. Asst. to Atty. Gen., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellee moves to dismiss the appeal here from a judgment in a proceeding for the condemnation of the fee simple of right-of-way and timber lands in Grays Harbor County, State of Washington, rendered prior to the determination of damages to the owner of the land. The motion is on the ground that the judgment is not a final decision within section 128 of the Judicial Code, 28 U.S.C. § 225(a), 28 U.S.C.A. § 225(a).

The complaint for condemnation of the right-of-way only, filed on January 21, 1942, was alleged to be brought under the Act of Congress of June 4, 1897, as amended, 16 U.S.C.A. §§ 473–482, and the Agricultural Appropriation Act of 1942, 55 Stat. 408. It was accompanied by the filing of a declaration of taking by the Secretary of Agriculture under the Act of February 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a. Judgment was entered January 23, 1942, awarding title to the right-of-way to appellee and ordering delivery of possession of February 2, 1942. It is stipulated that such possession was taken on that date. No appeal was taken from this judgment or order.

An amended complaint and a declaration of taking was filed on October 23, 1943, followed by a further amendment and a declaration of taking filed on November 12, 1943. The latter amendment was for the condemnation of the fee of the land of the right-of-way taken on February 2, 1942, and for other timber lands. It is alleged

to be brought "under and in accordance with the Act of Congress approved June 4, 1897 (30 Stat. 34-36 [16 U.S.C.A. §§ 473–482]) and Act of Congress approved November 9, 1921 (42 Stat. 212, 218, [23 U.S.C.A. § 24]), an Act of Congress approved September 5, 1940 (54 Stat. 867), an Act of Congress approved July 12, 1943 (Public Law 129-78th Congress, Chapter 215-1st session [57 Stat. 392]), an Act of Congress approved July 13, 1943 (Public Law 146-78th Congress, Chapter 236-1st session [57 Stat. 560]), and acts supplementary thereto, and amendatory thereof, and the Department of Agriculture Appropriation Act, 1942 (c. 267, 1st session Pub. Laws, 144-77th Congress, 55 Stat. 408]) which authorizes the United States of America to acquire the lands hereinafter described; the Act of August 1, 1888, c. 728 (25 Stat. 357), and acts supplementary thereto and amendatory thereof [40 U.S.C.A. § 257 et seq.] authorize the United States to acquire said lands by condemnation. The lands hereinafter described are taken under and in accordance with the Act of Congress approved February 26, 1931 (46 Stat. 1421, 40 U.S.C. Sec. 258(a) [40 U.S.C.A. § 258a]) and acts supplementary thereto, and amendatory thereof."

The judgment on the last amended complaint awarded title in fee to and immediate possession of the right-of-way and timber lands and confirmed the possession of the right-of-way land which the court's first judgment permitted the taking on February 2, 1942, and fixed the return day for pleading to the complaint.

Appellee offers in support of its motion to dismiss the appeal the decision of the Supreme Court in Catlin v. United States, 65 S.Ct. 631, 89 L.Ed ——. That Court held that such a judgment was not a final decision. It held that the 1931 Act, like its predecessor of 1917, contains no language purporting to change the general rule relating to appeals in condemnation proceedings. This because it contains no express provision for appeals from the judgment on the declaration of taking and its provisions are consistent with the prior decisions. The judgment on the taking may still be attacked on an appeal from the subsequent and final judgment in which damages are determined.

Appellant contends that the Supreme Court's reasoning is based upon its state-ment that the Declaration of Taking Act of 1931 is "ancillary" to the War Purposes Act of 1917, 50 U.S.C.A. § 171, under which the Catlin complaint was filed, and gives no new remedy or right to the land owner. Here appellant claims that the Act of 1931 alone is involved. It is argued that that Act on its face transfers the title instanter and hence is a final decision within Forgay v. Conrad, 6 How. 201, 204, 12 L.Ed. 404, in which the Supreme Court said

"When the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, * * * and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal."

█ We do not agree that the Act of 1931 is ancillary only to the War Purposes Act of 1917. The right of taking of the 1931 Act is by the terms of that Act a right of the United States in all proceedings for condemnation outside the District of Columbia. It is codified in 40 U.S.C. § 258(a), 40 U.S.C.A. § 258a, as follows:

"§ 258a. Same; lands, easements, or rights-of-way for public use; taking of possession and title in advance of final judgment; authority; procedure

"In any proceeding in any court of the United States outside the District of Columbia which has been or may be instituted by and in the name and under the authority of the United States for the acquisition of any land or easement or right of way in land for the public use, * * *."

██ Here the Act of 1931 is ancillary to several Acts of Congress stated above providing for the condemnation upon which the amended complaint was based. Appellant's contention that appellee is not entitled to condemn the lands here involved under the provisions of any of these statutes may be considered by the district court, possibly upon allegations of appellant's answer. In any event, under the Catlin case upon the decision of the question of damages and the judgment finally disposing of the condemnation proceeding, appellant may then appeal and present here all the matters decided adversely to it in which it claims the district court is in error.

The motion to dismiss the appeal is granted.