**E. S. McKENDRY and Pancho Barnes, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

Appeals 1 and 2.

No. 14380.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1955.

See, also, 219 F.2d 359.

Pancho Barnes, E. S. McKendry, Muroc, Cal., in pro. per. for appellants.

Perry W. Morton, Asst. Atty. Gen., John F. Cotter, John C. Harrington, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., A. Weymann, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

There are here pending two appeals from orders in connection with the condemnation of fee simple title to three hundred sixty acres of land in Kern County, California, which is owned by appellants. The declared purpose of the taking was that this realty would be used in the expansion of Edwards Air Force Base. On February 27, 1953, complaint in the action and declaration of taking

were filed.[1] The estimated just compensation for the taking of this parcel, deposited concurrently in the registry of the court, was $205,000.00. An order vesting title in the United States pursuant to the filing of the declaration was entered March 2, 1953.

Upon motion of appellants, the court ordered $194,402.73 paid from the sum on deposit on their account.[2] Thereafter, when the United States had filed a motion for immediate possession of the parcel, appellants moved to set aside the declaration of taking and the judgment entered pursuant thereto, and at the same time moved to dismiss the condemnation proceeding. Both these motions were denied by Hon. Campbell Beaumont, district judge, on March 23, 1954, and at the same time it was ordered that the premises should be surrendered on May 22, 1954. On May 10, 1954, a minute order was entered confirming the previous holding, but postponing time for surrender until July 24, 1954. These appeals were taken from the orders of March 23, 1954 and May 10, 1954.

■ The government urges that the appeal is premature and should be dismissed, since no final order is involved.[3] A denial of a motion to dismiss alone never lays foundation for review in federal appellate courts. As far as the vesting of title is concerned, that depends upon final judgment in the proceeding. It is not necessarily irrevocable inasmuch as procedure is provided to set aside the investment by consent properly entered.[4] Unquestionably, the title could be revested in the former owner upon a finding of fraud or lack of jurisdiction. For " * * * title is not indefeasibly vested in the United States merely by following the administrative procedure." Cf. Catlin v. United States, 324 U.S. 229, 242, 65 S.Ct. 631, 638, 89 L.Ed. 911. Therefore, the appeals must be dismissed. *Polson Logging Co. v. United States,* 9 Cir., 149 F.2d 877.

■ The government goes further and makes an alternative motion for affirmance of the judgment because appellants drew down part of the money deposited with the declaration. But the statute above cited was passed for the express purpose of allowing the government possession and use of the land involved without awaiting termination of interminable litigation.[5] To be fair, the government had to accord to the landowner the use of the money which stood in place of the land during pendency of the proceedings. Otherwise, the law would have been an instrument of oppression. Cf. *United States v. Richardson,* 5 Cir., 204 F.2d 552. Congress clearly recognized the necessities on each, the part of the government and the landowners.

---

1. 40 U.S.C.A. § 258a.

2. "Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith * * *." 40 U.S.C.A. § 258a.

3. The latest opinion of this Court on final orders is Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 215 F.2d 781.

4. There is express procedure for revesting of title in the former owner by consent. "In any condemnation proceeding instituted by or on behalf of the United States, the Attorney General is authorized to stipulate or agree in behalf of the United States to exclude any property or any part thereof, or any interest therein, that may have been, or may be, taken by or on behalf of the United States by declaration of taking or otherwise." 40 U.S.C.A. § 258f.

For comparison, see United States v. 44.00 Acres of Land, D.C., 110 F.Supp. 168.

5. "The two principal purposes of Congress, in making provision in the Declaration of Taking Act for the estimating of just compensation and the depositing of the amount thereof in court, undoubtedly were to minimize the interest burden of the Government in a condemnation proceeding, and to alleviate the temporary hardship to the landowner and the occupant from the immediate taking and deprivation of possession. United States v. Miller, 317 U.S. 369, 381, 63 S.Ct. 276, 283, 87 L.Ed. [336]; Atlantic Coast Line R. Co. v. United States, 5 Cir., 132 F.2d 959." United States v. 1,997.66 Acres of Land, 8 Cir., 137 F.2d 8, 11.

It would be anomalous to say that the landowner must wait until final judgment to appeal from the steps to acquire title and from the judgment on the declaration, and yet he is precluded from the appeal because he has applied for and received a portion of the fund placed there for his use instead of the land which the government is using. Of course, title would not be divested unless the landowner returned the money.

The government is on the horns of a dilemma. Either the order vesting title can be reviewed upon appeal from final judgment or the order is final and can now be appealed.

The appeals are premature and are dismissed.