IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2008

Charles R. Fulbruge III
Clerk

No. 08-40372

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BALDOMERO MUÑIZ; HILARIA MUÑIZ,

Defendants–Appellants.

CONSOLIDATED with
No. 08-40373

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PAMELA RIVAS,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:

Baldomero and Hilaria Muñiz and Pamela Rivas (Landowners or Appellants) own 0.35 acres and 2.48 acres of land respectively on the United

States' border with Mexico in the Southern District of Texas. The United States Government sought a temporary right of entry to conduct surveys and perform other investigatory work in connection with the construction of a planned border fence. The Government filed a condemnation action in the district court to acquire a temporary easement. The district court issued condemnation orders permitting the taking. The Landowners have appealed. We dismiss for lack of appellate jurisdiction.

I

Congress directed the Secretary of Homeland Security to construct a 370-mile border fence in priority areas, including the Rio Grande Valley, by December 31, 2008.[1] Pursuant to that directive, the Department of Homeland Security (DHS) has attempted to acquire land along the border through negotiation and litigation.

Under 8 U.S.C. § 1103(b),

(1)    The Attorney General may contract for or buy any interest in land, including temporary use rights, adjacent to or in the vicinity of an international land border when the Attorney General deems the land essential to control and guard the boundaries and borders of the United States against any violation of this chapter.

(2)    The Attorney General may contract for or buy any interest in land identified pursuant to paragraph (1) as soon as the lawful owner of that interest fixes a price for it and the Attorney General considers that price to be reasonable.

(3)    When the Attorney General and the lawful owner of an interest identified pursuant to paragraph (1) are unable to agree upon a reasonable price, the Attorney General may commence condemnation proceedings. . . .

---

[1] Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, sec. 564, § 1103, 121 Stat. 1844, 2090-91 (2007).

The Declaration of Taking Act (DTA), 40 U.S.C. § 3114, authorizes the United States, in a proceeding brought "under the authority of the Federal Government to acquire land, or an easement or right of way in land, for the public use," to file "a declaration of taking . . . declaring that the land is taken for the use of the Government."[2]

The Government filed an action in condemnation against the Muñizes and Rivas pursuant to 8 U.S.C. § 1103(b) and the DTA. The Government sought immediate possession of the condemned temporary easement on an ex parte basis. The Landowners objected, asserting that the Government had not negotiated with them and that negotiation was a condition precedent to the Government's filing of suit under 8 U.S.C. § 1103(b)(3). The district court denied the Government's request for ex parte relief and held a hearing.

The district court rejected the Landowners' objections to the issuance of the possession orders concluding that the Government had made a bona fide attempt to negotiate with the Landowners. The district court also issued possession orders that allowed the Government a temporary easement "to survey, make borings, and conduct other related investigations" on the Landowners' land "to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, and related structure to help secure the United States/Mexico border." These orders permit the Government "to trim or remove any vegetative or structural obstacles on the property that interfere with the aforementioned purpose and work." The amount of compensation to be paid for the takings has not yet been determined by the district court.

The Landowners appeal the district court's possession orders. Another panel of this court previously denied the Landowners' motion for an emergency stay, consolidated the Muñiz and Rivas appeals, and ordered that the

---

[2] 40 U.S.C. § 3114(a).

Government's motion to dismiss the appeals for lack of appellate jurisdiction be carried with the case.[3]

## II

Circuit courts of appeal have jurisdiction to review "final decisions" of the district courts pursuant to 28 U.S.C. § 1291. In Catlin v. United States, the Supreme Court held that "ordinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property."[4] The right of "appeal on grounds relating to [the] validity of the taking" can "be exercised when and only when final judgment, disposing of the cause in its entirety, has been rendered."[5] We have likewise held "that a condemnation proceeding is not reviewable until after final judgment disposing of the whole case and adjudicating all rights, including ownership and just compensation as well as the right to take property."[6]

The Government argues that the court lacks appellate jurisdiction since the district court's possession orders are not final orders under 28 U.S.C. § 1291. The Landowners argue that, although the Supreme Court plainly disfavors interlocutory appellate review, the Supreme Court does not altogether disallow

---

[3] United States v. Muniz, No. 08-40372, slip op. at 2-4 (5th Cir. May 1, 2008) (per curiam).

[4] 324 U.S. 229, 233 (1945). Catlin was superseded by a statutory revision of 9 U.S.C. § 15 (federal arbitration proceedings), but this revised statute is not relevant here. Thomson McKinnon Sec., Inc. v. Salter, 873 F.2d 1397, 1398-99 (11th Cir. 1989) (citing six instances in which orders involving arbitration proceedings and not final within the meaning of 28 U.S.C. § 1291 are appealable).

[5] Catlin, 324 U.S. at 243.

[6] United States v. Richardson, 204 F.2d 552, 555-56 (5th Cir. 1953); see also Dade County, Fla. v. United States, 142 F.2d 230, 231 (5th Cir. 1944) (stating that the judgment establishing compensation to be awarded "is the essential and final one"; anything that "precedes is interlocutory").

appellate review and another court of appeals has reviewed interlocutory orders despite the Catlin finality rule.

The Landowners cite three post-Catlin cases in which a court of appeals considered a condemnation matter in which no final order had been entered. In United States v. 58.16 Acres of Land, the Seventh Circuit permitted an appeal of a possession order where the district court determined that it lacked authority to consider the validity of a taking.[7] However, the Seventh Circuit clearly expressed that it was not exercising appellate jurisdiction but instead treated the appeal as an application for a writ of mandamus: "[w]hen stripped of the procedural trappings that surround this appeal, we think that, in a realistic sense, the appeal is in the nature of a mandamus."[8] Because the district court incorrectly "held it had no power to entertain the challenge asserted by the landowners," the Seventh Circuit remanded "in the interest of orderly judicial procedure and to conserve time."[9] Here, the Landowners do not bring an action in mandamus nor can one credibly be claimed.

In Loughran v. United States, the D.C. Circuit stayed a possession order and ordered an expedited appeal.[10] The property at issue was selected for the headquarters of the International Monetary Fund, which was created by the Bretton Woods Agreement in 1945 and has immunity from suit.[11] The D.C. Circuit held that the circumstances in that case made the judgment of the

---

[7] 478 F.2d 1055, 1060-61 (7th Cir. 1973).

[8] Id. at 1061.

[9] Id.

[10] 317 F.2d 896, 898-99 (D.C. Cir. 1963).

[11] Id. at 897-98.

district court ordering transfer of the property to the district court "final judgments."[12] The Loughran court's rationale is as follows:

> As a factual matter the property owners would be left with no means by which to defeat, or to test, the validity of the transfer of the title. We are of opinion that the United States cannot by a judgment on the declaration of taking defeat the right of a property owner to contest in a judicial proceeding the validity of the taking.[13]

The property at issue in Loughran was to be placed "beyond the power of judicial process" by transferring it to an entity cloaked with diplomatic immunity.[14] The Loughran court did not endorse a broad exception to Catlin.

However, the Government acknowledges that Washington Metropolitan Area Transit Authority v. One Parcel of Land[15] presents a broader holding. There, the D.C. Circuit considered a challenge to an order requiring a cemetery to allow city officials to make test borings during a thirty-day period.[16] The D.C. Circuit noted that Catlin does not require that "no order issued in a condemnation case can be an appealable order before all the issues raised in the condemnation proceeding, including just compensation, have been adjudicated."[17] Instead, "an order of possession is final and subject to review if it operates to defeat the right of the property owner to challenge the validity of the taking in the condemnation proceeding."[18] The D.C. Circuit then reached the

---

[12] Id. at 898.

[13] Id. at 898-99.

[14] Id. at 898.

[15] 514 F.2d 1350 (D.C. Cir. 1975) (per curiam).

[16] Id. at 1351.

[17] Id.

[18] Id.

merits and concluded that the possession order was minimally intrusive and affirmed the district court.[19]

We cited Washington Metropolitan Area Transit Authority in United States v. 101.88 Acres of Land to support the proposition that, despite Catlin's finality rule, appellate review is appropriate where "the ruling involved is fundamental to the future conduct of the case."[20] There, we reviewed the district court's ruling on a motion to strike certain claims seeking compensation for the alleged taking of a partly-submerged island that was not formally condemned, because this ruling "define[d] the content of the case, deciding whether compensation for the land above water and the submerged land will be measured in the original proceeding."[21] The present ruling is not of this nature. Only temporary easements are at issue, and the Landowners will have an adequate opportunity for appellate review, including an opportunity to challenge the propriety of the taking, after the district court renders final judgment.[22]

We note that the landowners did not ask the district court to certify, pursuant to 28 U.S.C. § 1292(b), that the possession orders "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[23] At oral argument, the Government asked this court for guidance, given the number of eminent domain proceedings that have been filed in connection with the construction of the border fence,

---

[19] Id. at 1352-54.

[20] 616 F.2d 762, 766 (5th Cir. 1980) (internal quotations omitted).

[21] Id. at 766-67.

[22] See generally United States v. 8.41 Acres of Land, 680 F.2d 388 (5th Cir. 1982).

[23] 28 U.S.C. § 1292(b) (allowing a court of appeals, in its discretion, to assert jurisdiction over an interlocutory appeal when such a certification has been made by the district court).

although it did maintain that there is no jurisdiction over the present appeal. If the Government does indeed seek guidance, it, like the Landowners, may request certification under 28 U.S.C. § 1292(b).

The Landowners assert appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), which grants this court appellate jurisdiction over "[i]nterlocutory orders of the district courts . . . granting . . . injunctions." In United States v. Garner, we held that orders having the "practical effect" of an injunction are immediately appealable under § 1292(a)(1).[24] The Landowners argue that the district court's possession orders have the "practical effect" of an injunction since the district court required them "to act in ways that are so specific as to be enforceable by contempt." We reject this argument. If we accepted the Landowners' argument, then any possession order would vest this court with immediate appellate jurisdiction in every eminent domain proceeding. Such a scenario would be contrary to Catlin.

\*       \*       \*

For the foregoing reasons, we DISMISS these appeals for lack of appellate jurisdiction.

---

[24] United States v. Garner, 749 F.2d 281, 286 (5th Cir. 1985) (citing Carson v. American Brands, Inc., 450 U.S. 79, 83-84 (1981)).